Brinton et al. *v.* Kerr (et al., Appellants).

Argued October 9, 1935. Before FRAZER, C. J., KEPHART, SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*C. Elmer Bown,* for appellants.

*H. F. Stambaugh,* with him *J. Willock Brown, J. Randall Thomas* and *Watson & Freeman,* for appellees.

OPINION BY MR. JUSTICE KEPHART, November 25, 1935:

Hannon and Murphy, prior to May 22, 1934, were members of the Board of Assessors of the City of Pittsburgh. On that day the mayor of the city removed them from office, notifying each by letter. On July 6th, when council was in recess, the mayor appointed Stoehr and Brinton as members of the board of assessors and by letter duly notified council. The mayor, July 30th, notified council of the city that he had removed Hannon and Murphy as members of the board, but that body at its meeting on July 23, 1934, did not act on the appointments made July 6th giving as a reason that there were no vacancies on the board. At a later meeting on August 27th, the mayor's letters of July 6th and July 30th were noted as "received and filed." No further action was then or has since been taken upon the nominations of Brinton and Stoehr. Both of them qualified for and entered upon the duties of their office, which they have performed since their appointment. The city controller refused to pay appellees, Brinton and Stoehr, their salaries after having made one such payment. This action for a writ of peremptory mandamus directing the controller to issue warrants for their salaries was then begun by them. Before any action on the petition was taken Hannon and Murphy, the ousted assessors, were granted leave to intervene and in so doing raised in the court below appellees' right to hold office under the appointment of the mayor. The court in disposing of the mandamus proceeding determined the title of the office of the appellees, and held that the mayor's appointment was good and that the relators were entitled to the office, and to the compensation connected therewith.

We are not called upon in this proceeding to determine the question of the right of Brinton and Stoehr to hold the office of assessors to which they were appointed by the mayor. We definitely state again that the title to office cannot be tested by mandamus (Com. v. James, 214 Pa. 319), injunction (Eddy v. Ashley Boro., 281 Pa. 4)

or any other proceeding than that provided by the common law. While this court may have inferentially passed on the title to office (Bowers v. Reitz, 315 Pa. 310, 313; 3 A. L. R. 568, 581) where the major question before the court was some other problem, where, as here, it is sought to be injected as the principle issue, we again announce as a definite rule that "the exclusive remedy [to try the title to office] is by an action of quo warranto": Com. ex rel. v. Gibson, 316 Pa. 429, 434; Williams's App., 312 Pa. 477, 479; Com. ex rel. v. Conroy, 267 Pa. 518; Hutchinson v. Goshorn, 256 Pa. 69. The reason why quo warranto should be adhered to as the proper remedy to oust public officers has been fully set forth in Com. v. Schermer, 311 Pa. 341, 344, and need not be repeated except to state that it is a matter in which the public is vitally concerned, and the prosecution should be instituted at the instance of the attorney general or district attorney. Here there is a direct assault on the right of the mayor, first, to remove the ousted assessors and, secondly, to appoint their successors, the present appellees, which falls exactly and historically within the scope of the action of quo warranto. The court was in error therefore in permitting the ousted assessors to intervene and raise the question of title to office, nor may the parties consent that this should be done. Quo warranto being a remedy which is fully adequate, that remedy must be followed and jurisdiction cannot be taken through other remedies at the convenience or with the consent of counsel. The only question raised by the appeal is the title to the office held by appellees, a matter not properly before the court below. The order of the court below directing the city controller to pay the salaries apart from this question is not challenged, and the controller acting under that compulsion is relieved of responsibility.

The appeals are dismissed without prejudice, costs to be paid by appellant.