## Carroll Township School Board Vacancy Case.

Argued March 22, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Paul A. Simmons*, with him *Tempest & Simmons*, for appellants.

*Paul N. Barna*, for appellee.

OPINION BY MR. JUSTICE MUSMANNO, April 17, 1962:

On December 28, 1961, twelve taxpayers in Carroll Township, Washington County, filed a petition in the court of common pleas of that county, alleging that a vacancy existed on the Board of School Directors of the Carroll Township School District because one of the directors, John L. Blangger, had removed from Carroll Township to the State of New Jersey and had failed to attend seven consecutive regular meetings of the board. The petition requested the court to fill the supposed vacancy. Judge CUMMINS granted the petition forthwith and appointed Henry Zermani in Blangger's place. The order of court provided that it was to become absolute if exceptions were not filed within five days after service on Blangger of the order and copy of the petition.

On January 2, 1962, Blangger, through his attorney, filed exceptions denying that he had changed residence, that he had failed to attend seven consecutive meetings, and that a vacancy existed on the board. Judge CUMMINS then, with the concurrence of Judge ROY I. CARSON, vacated the order of December 28, 1961. The taxpayers filed exceptions to this new order of January 2, 1962 and in consequence a hearing was scheduled for January 12, 1962 before a court en banc.

On that day Blangger, through his attorney, presented a motion to quash the taxpayers' petition, their exceptions and appeal, averring that, as the school board had not declared a vacancy on the board, the only manner in which Blangger's right to continue to hold office could be tested was by an action of quo warranto.

The lower court accepted this position, dismissed the taxpayers' petition and the taxpayers appealed.

The action of the court below must be affirmed. Quo warranto is the Gibralter of stability in government tenure. Once a person is duly elected or duly ap-

pointed to public office, the continuity of his services may not be interrupted and the uniform working of the governmental machinery disorganized or disturbed by any proceeding less than a formal challenge to the office by that action which is now venerable with age, reinforced by countless precedent, and proved to be protective of all parties involved in a given controversy, namely, quo warranto.

The petitioners in this case attempted to declare an office vacant through ex parte proceedings, which is inimical to the whole scheme of democratic government.

The legislature may, of course, provide special procedures for vacating offices under certain conditions and when those procedures are indicated, they must be strictly followed. The petitioners assumed that the Public School Code of 1949 provided such a procedure here. In their petition they cited the Act of March 10, 1949, P. L. 30, §314, as amended by the Act of July 27, 1953, P. L. 616, §1, 24 PS §3-315, and requested the appointment of "a suitable person to fill the vacancy for the unexpired term of John L. Blangger, Jr." But there was no unexpired term of Blangger.

Section 319 of the Public School Code of 1949 (Act of March 10, 1949, P. L. 30, §319, 24 PS §3-319) provides that *the Board* may declare the office of director vacant when he either fails or neglects to attend two successive regular meetings of the board, unless detained by sickness or prevented by a necessary absence from the district, or fails to qualify as a director within ten days after his appointment or election. Section 315 of the code provides that if any vacancy shall occur in any board of school directors by reason of death, resignation, removal from the district, or otherwise, such vacancy shall be filled by the remaining members of the board within thirty days. If by reason of a tie vote or otherwise, such vacancy is not filled within thirty days, the court of common pleas, upon

petition of ten or more resident taxpayers, shall fill the vacancy by the appointment of a suitable person.

Thus, it must be obvious that the remedy available under Section 315 of the code cannot be asserted where the right to hold the office alleged to be vacant is still being asserted by one admittedly duly elected to it. In *Sewickley Township School District's Appeal*, 327 Pa. 396, a taxpayers' suit was filed under Section 214 of the Act of May 18, 1911, P. L. 309, calling upon the Court of Common Pleas of Westmoreland County to appoint school directors to offices assumed to be vacant. This Court held that the men then in office were de facto officers acting under color of authority. Under those circumstances, appointments could not be made, and the controversy had to be resolved by proceedings in quo warranto. "The remedy available to taxpayers under Section 214 of the School Code, supra, cannot be asserted for the purpose of testing the right of de facto incumbents to occupy a public office, for this would result in a trial of their title to the office in a proceeding to which they are not parties. That quo warranto is the only action to try title to a public office was fully discussed in Com. ex rel. District Attorney et al. v. Gibson, 316 Pa. 429 . . . This holding was recently approved in Brinton et al. v. Kerr, 320 Pa. 62, where stated at p. 64: '. . . we again announce as a definite rule that "the exclusive remedy [to try the title to office] is by an action of quo warranto." ' "

Our decision in *Williams's Appeal*, 312 Pa. 477, is particularly applicable to the situation in the case at bar. In that case, five citizens of the Borough of Hughestown petitioned the Luzerne County Court of Quarter Sessions to fill the unexpired term of one Williams, a duly elected councilman of the borough who had allegedly abandoned his borough residence thereby causing a vacancy for thirty days which the borough council had not filled. In his answer, Williams denied

that he had abandoned his residence and that there was a vacancy in the office to which he had been elected. The court rejected his representation and appointed Mullarkey in his place. On appeal, this Court reversed, holding that the question as to whether Williams had forfeited his office by removal from the borough was not before us because it had not been properly raised in the court below: "The only real dispute between the parties is whether appellant forfeited his office by removal from the borough. The question is not before us, because it has not been raised in a proper way . . . Under the circumstances such as these, where a public officer is de facto exercising the functions of his office under color of right, we have repeatedly held that the proper remedy to test his title is by writ of quo warranto, *which is not only adequate but exclusive.*" (Emphasis supplied.)

The appellants here attempt to distinguish the *Williams's* case from the present case because, by filing an answer averring that he had not removed his residence, Williams raised an issue as to whether a vacancy existed in his office. The appellants argue that Blangger did not file a verified pleading that he had not vacated his office, and that Blangger's denials in the exceptions to the court's order of December 28, 1961, signed by his counsel, were not sufficient to raise the necessary question of fact. That is to say, appellants maintain, as was argued in the *Williams's* case, a vacancy actually existed and therefore a factual determination of that fact by the procedure of quo warranto was uncalled for. This position is not a sound one. It is to be noted that Blangger was not served with a copy of the taxpayers' petition before it was presented in court, no rule was issued on him, and the court signed the order in the petition without allowing Blangger an opportunity to file an answer to the petition denying its averments. The court order merely offered Blangger an

opportunity to file exceptions, which exceptions of course did not require verification by Blangger.

In view of the manner in which the petitioners proceeded in the initiation of their legal action, giving the respondent no opportunity to file an answer under oath, the appellants cannot now argue that there was no need for a factual determination of the question as to whether Blangger had actually removed from the school district and had absented himself from school board meetings.

In his exceptions to the court order of December 28, 1961, Blangger made it quite clear that he was still asserting his right to continue to hold office. Since this was a legal averment and not an allegation of fact, it did not require verification.

We, therefore conclude that Blangger's assertion of the right to continue to hold office was, in view of the circumstances in the case, sufficiently placed on the record by Blangger, through his counsel, and that this Court's holding in *Williams's Appeal* governs here: "The General Borough Act[1] makes no provision for the determination of a vacancy where it is a matter of dispute, and the existence of such vacancy is, of course, a prerequisite to the making of an appointment. Consequently, this question must be determined according to established forms of procedure. *Since the sole matter involved is the right to hold a public office, quo warranto is the only appropriate method of determining the question*: Com. v. James, supra; see Com. v. Wherry, supra." (Emphasis supplied)

Order affirmed; costs to be borne by appellants.

---

[1] Here the Public School Code of 1949.