## McCracken, Appellant, *v.* Bissett.

304

Argued May 4, 1964. Before BELL, C. J., COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Ewing B. Pollock,* with him *Pollock, Pollock & Thomas,* for appellants.

*Glenn R. Toothman, Jr.,* for appellees.

OPINION BY MR. JUSTICE COHEN, September 29, 1964:

"Does equity have jurisdiction where [appellants,] . . . duly elected and qualified school director[s, have] been refused the right to sit as . . . member[s] of the school board by the temporary chairman at the organization meeting, at which time the temporary chairman stated that a vacancy existed on the school board which the board would proceed to fill if the duly elected and qualified school director[s] took no action concerning his ruling?" (Statement of question involved as it appears in appellants' brief).

It is clear from the statement of the question involved that appellants are attempting either (a) to compel their seating as members of the school board or (b) to oust the school director who was selected by

the board to fill the stated vacancy after appellants took no action concerning the temporary chairman's ruling. Equity would not have jurisdiction in either case. Prior to the filling of the vacancy, mandamus would have been the proper action to compel the temporary chairman at the original meeting to seat the duly elected and qualified school directors. Since the school board has filled the vacancy, quo warranto would now be the proper proceeding to test the action of the board in filling the vacancy with one other than the duly elected and qualified school directors.

On innumerable occasions, the latest of which was *Carroll Township School Board Vacancy Case,* 407 Pa. 156, 180 A. 2d 16 (1962), we have held that where the sole matter involved is the right to hold a public office, quo warranto is the only appropriate method for determining that right. While it is true that we have inferentially passed on the right or title to public office in actions not instituted in quo warranto where the major question before the court was some other matter, where, as here, the major question is the right and title to a public office, we have held and reiterate that the exclusive remedy is by an action in quo warranto. See *Brinton v. Kerr,* 320 Pa. 62, 181 Atl. 569 (1935).

Decree affirmed at appellants' costs.