**Doebler, Jr. v. Mincemoyer**

516

*McNerney, Page, Vanderlin & Hall,* for plaintiff.
*Fisher, Rice & Raup,* for defendant.

GREEVY, P. J., June 26, 1969.—This is a quo warranto proceeding in which the right of Carl L. Mincemoyer, defendant, to hold office of School Director of the Jersey Shore Area School Board, hereinafter referred to as school board, while being employed as a teacher in Williamsport Area Community College, hereinafter referred to as community college, is challenged.

The facts are not in dispute and are as follows:

Defendant was elected a director of the School Board at the General Election, November 1967, and has held and exercised the office since December 1967. At the time of his election and at all times since, defendant has been instructor in the community college. The school board is a sponsoring district of the community college.

Plaintiff alleges that defendant is barred from holding the office of school director while at the same time he is an employe of the community college.

The exclusive remedy to try title to office is by an action of quo warranto. See Brinton v. Kerr, 320 Pa. 62. Therefore, since the sole question involved is the right to hold public office, quo warranto is the appropriate action.

"Quo warranto is the traditional and long-established action to try title to office.": Chalfin v. Specter, 426 Pa. 464, 474.

The Constitution of Pennsylvania, article 12, sec. 2, gives the general assembly the power to declare what public offices are incompatible. See Commonwealth ex rel. Fox v. Swing, 409 Pa. 241.

By virtue of this constitutional provision the legislature of Pennsylvania has seen fit to declare the offices of school teacher and school director compatible, with certain exceptions.

Section 322 of the Public School Code of March 10, 1949, P. L. 30, art. III, sec. 322, as amended, 24 PS §3-322, provides, inter alia,

". . . any person holding . . . the office of . . . teacher, or employe of any school district, shall not be eligible as a school director in this Commonwealth. This section shall not prevent any . . . teacher, or employe of any school district from being a school director in a district other than the one in which he is employed, and other than in a district with which the district in which he is employed operates a joint school or department."

This section clearly indicates the legislature's intention of prohibiting a teacher from having any supervisory control over his own employment.

In 1963 the law known as the "Community College Act of August 24, 1963" was enacted. This statute provides for the establishment of community colleges to be sponsored by one or more school districts and to be under the general supervisory control of the State Board of Education: Act of August 24, 1963, P. L. 1132, as amended, 24 PS §§5201-5214.

Under this act a director of a sponsoring school district, defendant in the instant case, has the power to vote for trustees of the community college and to vote on the approval of its annual budget. Trustees of the community college administer and supervise the affairs of the community college.

In view of the above we hold that an instructor in a community college is not eligible to be a school director of a sponsoring school district, the offices being incompatible. To hold otherwise would give a director supervisory control over his own employment.

Since it is admitted that defendant is an instructor in a community college and is a school director of a sponsoring school district of the community college, we find that there is a conflict and that the relief asked for should be granted.

### ORDER

And now, June 26, 1969, judgment is entered against defendant. Defendant shall file with this court, his election, in writing, stating which of the two positions he desires to retain. Such election shall be made within 30 days after this order becomes final. Each party to pay own costs.