Gernert *v.* Richard W. Lindsay, Chairman of Pennsylvania Board of Probation and Parole; Grace M. Sloan, State Treasurer; Robert P. Casey, Auditor General; Raymond P. Shafer, Governor. Gernert *v.* Shapp.

Argued June 8, 1971, before President Judge Bowman, and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Manderino and Rogers.

*Thomas D. Caldwell, Jr.,* with him *Caldwell, Clouser & Kearns,* for plaintiff.

*Carolyn E. Temin,* Chief Counsel, Pennsylvania Board of Probation and Parole, with her *J. Shane Creamer,* Attorney General, for defendants.

OPINION BY PRESIDENT JUDGE BOWMAN, August 10, 1971:

Paul J. Gernert, plaintiff, was appointed to membership on the Pennsylvania Board of Probation and Parole (Board) by former Governor William W. Scranton on August 4, 1964. The commission read in part that such appointment would run ". . . for a term of four years, or until your successor shall have been duly appointed and qualified. . . . " This appointment was confirmed by the Senate of Pennsylvania on March 23, 1965. On December 3, 1970, then Governor Raymond P. Shafer informed plaintiff by letter that William C. Boor had been appointed to replace him as a member of the Board which appointment has not yet been confirmed by the Senate.

Contending that his ouster was unlawful and improper, plaintiff instituted an action in mandamus against Richard W. Lindsay, Chairman of the Board, and sundry other State officials.[1] The defendants filed

---

[1] Grace Sloan, State Treasurer; Robert P. Casey, Auditor General; and Raymond P. Shafer, Governor, were the additional named

preliminary objections challenging the jurisdiction of this Court to entertain an action in mandamus contending that the proper form of action is in quo warranto. Further, the defendants demurred to the complaint in mandamus for failure to state a proper cause of action.

Following the filing of these preliminary objections, plaintiff filed a second complaint in quo warranto based upon the same facts as set forth in the earlier complaint in mandamus. The second complaint named Milton Shapp, incumbent Governor, as defendant. The defendant again filed preliminary objections in the form of a demurrer stating that Milton Shapp is not a proper defendant in an action seeking a declaration that plaintiff continues to be a member of the Board.

The events precipitating the filing of these two complaints are not in dispute as the allegations set forth in plaintiff's complaint must be taken as true in passing upon preliminary objections. "This rule requires that the facts as set forth in the complaint be 'clearly pleaded' so that the Court may consider them as true and complete in dismissing or sustaining defendant's preliminary objections in the form of a demurrer. . . . Where the plaintiff has not sufficiently established such clear facts in his complaint, he cannot receive the benefit of such principle, and the defendant's preliminary objections could be sustained for plaintiff's failure to set forth a legal cause of action." *Williams v. Pennsylvania Board of Probation and Parole*, 2 Pa. Commonwealth Ct. 312,    A. 2d    (1971).

As we apply our own recent statement of this well-established principle, we must decide only the very narrow issue of whether mandamus or quo warranto is the proper form of action to obtain the relief plaintiff seeks and then to determine if in fact, on the basis of

---

defendants in the mandamus action seeking continued payment of full salary to plaintiff as an "appointed and qualified" member of the Board.

the "clearly pleaded" facts taken as true, plaintiff has made out such a cause of action in his complaint. We shall not, of course, proceed to decide the case on the merits since only the preliminary objections are before us at this time.

Plaintiff seeks a determination of the legality of his ouster as a member of the Board and not the legality of his right to membership in the first instance. There is no question that Mr. Gernert was validly appointed and confirmed in 1964 (and 1965) as an active member of the Board. The crucial question now before us is the validity of his right to *continue* to hold that office.

In line with this distinction between the right or title to hold an office in the first instance and the right to retain an office from which one has been ousted under color of law, we must examine the substantial difference between the remedies of quo warranto and mandamus. Traditionally, mandamus is employed to require ". . . the performance of a particular duty . . . [which] results from the official station of the party to whom it is directed or from operation of law." 11 *Standard Pennsylvania Practice* 226 (1964 Revised Edition). Quo warranto is an ancient and extraordinary remedy, ". . . the Gibralter of stability in government . . .", *Carroll Township School Board Vacancy Case*, 407 Pa. 156, 157, 180 A. 2d 16, 17 (1962), and is used ". . . to determine the right or title to office as between rival claimants, or to determine the right of the incumbent of an office to hold the office." 11 *Standard Pennsylvania Practice*, 332, *supra*.

The distinction between mandamus and quo warranto is not always susceptible to precise definition and demarcation. Where a public office is contested, the applicability of one remedy or the other is largely dependent on the operative circumstances of the case. In the subject case, plaintiff is seeking to compel his

reinstatement to an office he heretofore properly held. If he properly holds the office of member of the Board according to the law, then mandamus is the proper remedy to effectuate such reinstatement and the defendants' preliminary objections as to this complaint must be dismissed.

We believe that mandamus is the proper remedy because of the circumstances under which plaintiff seeks relief. If plaintiff is legally a member of the Board as his complaint alleges—since no successor has been "appointed and qualified"—, then he is owed a legal duty by the Board to be seated and paid, and mandamus can be used to compel the performance of such duty.

Our Supreme Court over seventy years ago concluded that where a school director had been ousted from office improperly, and even though a "successor" had been duly elected to fill the "vacancy", mandamus was the proper remedy to gain reinstatement. "It is very earnestly argued by appellants that mandamus will not lie and that the only remedy is by quo warranto against the person elected to fill the supposed vacancy. It would be sufficient answer to cite the precedent of Zulich v. Bowman, supra, but the remedy is clear on principle. There is no contest as to the relator's original title to his seat under a valid election, but only as to the legality of his ouster. If this was not valid, he never has been ousted at all, and mandamus is the proper remedy to prevent his further unlawful exclusion. We have nothing to do with the title of his alleged successor who was apparently elected by the board to fill a vacancy that did not exist. This cannot affect the relator. He was admittedly elected to the office, has never been out of it in contemplation of law, and the mandamus simply compels the respondents to recognize his established right." *Commonwealth v. Gibbons,* 196 Pa. 97, 101, 46 A. 313, 314 (1900).

We conclude that the *Gibbons* holding is still the law of Pennsylvania today and are reinforced in our belief by a more recent pronouncement of our Supreme Court in *Bentman v. Seventh Ward Democratic Executive Committee*, 421 Pa. 188, 218 A. 2d 261 (1966). The principal ruling of that case held that certain political party officials performed functions essentially public in character so as to permit such officials to seek relief via a complaint in mandamus to compel reinstatement when illegally removed. As to the instant case, the significance of the *Bentman* decision lies in its express declaration that "Mandamus, not quo warranto, was the appropriate action. In mandamus, the chief issue is the propriety of the removal from office; in quo warranto the chief issue is the right or title of one person or another to the office, not the propriety of the removal." 421 Pa. at 190 n. 2, 218 A. 2d at 263 n. 2 (1966).[2]

---

[2] The late Mr. Justice COHEN filed a vigorous dissent in *Bentman* asserting that *Commonwealth v. Gibbons, supra*, has been impliedly overruled by *McCracken v. Bissett*, 415 Pa. 303, 203 A. 2d 481 (1964) and by the *Carroll Township School Board Vacancy Case*, 407 Pa. 156, 180 A. 2d 16 (1962). Both of those cases involved attempts by ousted school directors to be reinstated after an elected successor had taken office. The Supreme Court unanimously held in both cases that where ". . . the major question is the right and title to a public office . . . the exclusive remedy is by an action in quo warranto." 415 Pa. at 305, 203 A. 2d at 482. Mr. Justice COHEN found the essential issue in *Bentman* to be "title to office" and that mandamus will not lie to oust an incumbent *de facto* office holder.

We do not comment on the opinion of Mr. Justice COHEN as to the effect of *McCracken* and *Carroll Township* on *Gibbons* continued validity. We note only that the Supreme Court has never specifically repudiated the *Gibbons* holding and has affirmed the propriety of mandamus to test the validity of a removal from office by a six-to-one majority in *Bentman*. *See* also *Salopek v. Alberts*, 417 Pa. 592, 209 A. 2d 295 (1965) ; *Hunter v. Jones*, 417 Pa. 372, 207 A. 2d 784 (1965) ; *Bobick v. Fitzgerald*, 416 Pa. 588, 207 A. 2d 878 (1965).

We are not unaware that, where mandamus is determined to be the proper method of testing the legality of an ouster from public office, the rights of a subsequent office holder must be protected even though the "vacancy" which he has filled was never legally in existence. Quo warranto would require that the incumbent be a named defendant or at least a necessary party to the action. *See* 11 *Standard Pennsylvania Practice* 859, *supra*. There is no question that mandamus is the appropriate remedy where the vacancy resulting from illegal ouster has not been filled. No third party interests can be injured or abused by non-joinder where there is no incumbent and mandamus to effect reinstatement is entirely proper.

William C. Boor is the incumbent member of the Board in the instant case and is not a party to the action in mandamus. However, the well-pleaded averments of the complaint in mandamus do not reveal whether the reinstatement of plaintiff would require the ouster of Mr. Boor or have an adverse effect on his rights. We cannot conclude at this time that any abuse of rights would occur by dismissing the defendants' preliminary objections and declaring mandamus to be the appropriate remedy. We reinterate that *right to hold public office* is not the major issue in this case, rather the question before us is the legality of the removal of plaintiff from an office he had a full legal right to occupy until his sudden removal on December 3, 1970. The cases enumerated in defendants' brief are therefore not on point insofar as they discuss quo warranto as the exclusive method of testing "right to office". *See Brinton et al. v. Kerr,* 320 Pa. 62, 181 A. 569 (1935) ; *Caffrey v. Caffrey,* 28 Pa. Super. 22 (1905).

The averments of the complaint in mandamus constitute a valid cause of action in that they allege improper removal from an office to which plaintiff was

legally entitled, if we consider all the well-pleaded facts as true.

If a successful prosecution of plaintiff's mandamus action should have the effect of depriving the incumbent Board member, William C. Boor, of his rights, he should be joined in the mandamus action as a necessary party defendant. Generally, the rules of practice covering an action in mandamus permit joinder of all parties whose cooperation is necessary to complete full performance of the official duty being enforced, as well as to protect the legal rights of all parties affected by the relief sought.

We therefore make the following

### ORDER

Now, August 10, 1971, the preliminary objections of defendants', Richard W. Lindsay, Grace M. Sloan, Robert P. Casey, and Raymond P. Shafer, are dismissed and they are directed to file an answer to plaintiff's complaint in mandamus within twenty (20) days of this order. The preliminary objections of defendant, Milton Shapp, are hereby sustained and plaintiff's complaint in quo warranto dismissed.