## Ambridge Water Authority v. Ambridge Borough

*John H. Bingler, Jr.* and *Glenn E. Bost, II,* for plaintiffs.

*John A. Havey* and *John F. Salopek,* for defendants.

ROWLEY, *J.,* January 29, 1980—The threshold, and decisive, issue in this case is whether a borough council has the authority or power to remove from office a duly qualified and acting member of the board of a municipal authority which was organized and incorporated by the borough. We have concluded that council does not have such authority and for that reason the attempted removal by defendants, Ambridge Borough Council (council) and councilmen, of plaintiff Richard W. Towcimak (Towcimak) from his seat on the board of the Ambridge Water Authority (Authority) was void and of no effect.[1]

---

1. Plaintiffs also argue that: (1) section 1104 of The Borough Code of February 1, 1966, P.L. (1965) 1656, 53 P.S. §46104, is an unconstitutional delegation of legislative author-

# I

The Authority was organized by the municipal authorities of the Borough of Ambridge in accordance with the provisions of the Municipality Authorities Act of 1945[2] in about 1950. Plaintiff Towcimak was appointed by action of the council to serve as a member of the authority board for a five-year term which commenced on January 1, 1978, and will expire on December 31, 1982. Towcimak duly qualified as a member of the authority board, and since his appointment has performed the duties of that office.

At the general election on November 6, 1979, Towcimak was elected to a seat on the Ambridge Borough Council. Mr. Towcimak duly qualified and was seated as a councilman on January 7, 1980. At the meeting of council on January 7, 1980, a majority of the members of council voted to remove Towcimak from his position as a member of the authority board. After purporting to remove Towcimak from his position as a member of the authority board, council declared that office vacant and attempted to appoint defendant, Joseph Hochevar (Hochevar), to fill the claimed vacancy.

On January 9, 1980, Towcimak filed a complaint initiating the action that is presently before us. In Count I of his complaint, Towcimak seeks relief in an action of quo warranto. In Count II of the com-

---

ity under the Pennsylvania Constitution, and (2) that there is no "incompatibility in fact" in this case. In view of our conclusion, we have not considered and do not express any opinion on these contentions.

2. Act of May 2, 1945, P.L. 382, as amended, 53 P.S. §301 et seq.

plaint, Towcimak seeks relief in mandamus. On the same day that the complaint was filed, Towcimak filed a motion for peremptory judgment in mandamus under Pa.R.C.P. 1098. A hearing on plaintiff's motion was set for January 11, 1980. All of defendants were served with the complaint and motion and appeared by counsel at the hearing on January 11, 1980. Shortly prior to the hearing of that date, defendants filed answers to the motion for peremptory judgment and also filed preliminary objections to the complaint in mandamus. At the hearing on January 11, 1980, counsel for the respective parties presented oral arguments and counsel for plaintiff filed a written brief.

## II

Initially, we note that mandamus is the appropriate form of action by which a public official may challenge the propriety of his attempted removal from office. Quo warranto "is not available to determine the legality of the ouster of a public official, rather than the legality of his original appointment." 3 Goodrich-Amram 2d §1111:1. In the case before us there is no issue raised as to the validity or legality of Towcimak's original appointment and service on the authority board. "Mandamus has been recognized to be the proper action where the main issue is the propriety of a removal from a position which was heretofore properly held and to which reinstatement is being sought." Wolkoff v. Owens, 12 Pa. Commonwealth Ct. 74, 77, 314 A. 2d 545 (1974). This distinction between quo warranto and mandamus was recognized and discussed in Gernert v. Lindsay, 2 Pa. Commonwealth Ct. 576, 580, 406 A. 2d 1219 (1971), where the court, quot-

ing from Com. v. Gibbons, 196 Pa. 97, 46 Atl. 313 (1900), said:

"There is no contest as to the [plaintiff's] original title to his seat under a valid [appointment], but only as to the legality of his ouster. If this was not valid, he never has been ousted at all, and mandamus is the proper remedy to prevent his further unlawful exclusion. We have nothing to do with the title of his alleged successor who was apparently [appointed] by the [council] to fill a vacancy that did not exist. This cannot affect the [plaintiff]. He was admittedly [appointed] to the office, has never been out of it in contemplation of law, and the mandamus simply compels the respondents to recognize his established right."

Since it is conceded that Towcimak, when originally appointed to the authority board, duly qualified and took his position as a member thereon, and that since that time he has continued to serve in such capacity, and since the only dispute concerns the subsequent attempt by council to remove him from that position before the end of his appointive term, mandamus is, under the foregoing authorities, the appropriate form of action.

## III

Section 7B. of the Municipality Authorities Act, provides, in part, that a member of an authority board "may be removed for cause *by the court* of quarter sessions of the county in which the Authority is located *after having been provided with a copy of the charges against him* for at least ten days *and full hearing* by the court." 53 P.S. §309B. (Emphasis supplied.) The legislature has, by this

provision, specifically vested in the courts of the Commonwealth the power to remove an authority board member, but then only after notice and a hearing and for "cause." The determination of whether "cause" exists is to be made by the court. Instead of following the procedure outlined by the legislature, defendant council and majority councilmen sought to exercise that power themselves. In Carroll Twp. Sch. Bd. Vacancy Case, 407 Pa. 156, 158, 180 A. 2d 16 (1962), the court said: "The Legislature may, of course, provide special procedures for vacating offices under certain conditions and when those procedures are indicated, *they must be strictly followed.*" (Emphasis supplied.) Clearly, defendants did not follow the special procedures provided by the Legislature in section 7B. of the Municipality Authorities Act for the removal of Authority board members.

An examination of The Borough Code reinforces our conclusion that council lacks the authority which they sought to exercise. Sections 903 and 904 of The Borough Code of 1966, 53 P.S. §§45903 and 45904, specifically grant to the borough council the power to declare vacant the office of a councilman who has not qualified or who fails to attend meetings. Thus, the legislature, when it intended to do so, clearly and without any ambiguity granted the power of removal in certain cases to the council. It has not granted such power to remove, or declare vacant the seats of, authority board members. There is a total lack of any such specific authority in The Borough Code or in any other legislative enactment giving council the right to declare seats of authority board members vacant. The absence of such authority in The Borough Code, coupled with the specific delegation of that authority to the

courts of the Commonwealth, inescapably leads to the conclusion that council lacks the authority they attempted to exercise in this case.

Defendants argue that there is an "incompatibility in fact," between Towcimak's position as a councilman and his position on the Authority board. For this reason, they argue, under section 1104 of The Borough Code, 53 P.S. §46104, Towcimak is not entitled to his seat as a member of the Authority board. There may, or there may not be, in this case "incompatibility in fact." However, such an argument, at this time, on the part of defendants, begs the question. The question before us initially is: who has been designated by the Legislature to make the determination of whether or not there is "incompatibility in fact"? We hold that such power has been clearly given to the courts of the Commonwealth and not to borough councils.

Furthermore, in making a determination whether or not "incompatibility in fact" exists, Towcimak is entitled to at least the very basic elements of due process. The Municipality Authorities Act provides that an authority board member can only be removed after he has been given at least ten days' notice of the charges against him and only after a hearing before the court. Even if the legislature, however, had not required notice and a hearing, Towcimak would be entitled to such. In Zaffarano v. Ambler Borough Council, 420 Pa. 275, 278, 216 A. 2d 79 (1966), the court said:

"Although the above quoted legislation is devoid of any requirement pertaining to notice of hearing, or a hearing before a borough council seat can be declared vacant, case authority holds that prior to the seat of a councilman or burgess being declared

vacant under the provisions of The Borough Code, the councilman or burgess involved must have an opportunity to present his reasons for his absence at a hearing."

Towcimak, in the case before us, received no such notice of charges or an opportunity to be heard thereon. He was not granted a hearing before the court on the question of whether or not "incompatibility in fact" exists. On the contrary, the majority members of council, without notice to Towcimak, and without granting him a hearing, proceeded ex parte to act as prosecutor, judge and jury. They charged, without prior notice, that there was "incompatibility in fact." They returned a verdict, without hearing evidence, that there was "incompatibility in fact" and passed sentence by removing him peremptorily from office. Such conduct warrants the issuance of a peremptory judgment to rectify and correct such arbitrary action which has no basis in law.

Counsel for defendants have not cited any authority for the proposition that council has the authority it attempted to exercise on January 7, 1980. Nor has our research disclosed any such authority. On the contrary, all of the authorities referred to disclose that such actions have been taken *before the court* in actions of mandamus, quo warranto, or equity. See: Com. ex rel. McCreary v. Major, 343 Pa. 355, 22 A. 2d 686 (1941); Keller v. Howley, 29 Bucks 196 (1976); Com. ex rel. Claypool v. Parks Twp. Municipal Authority, 63 D. & C. 2d 289 (1972); Com. ex rel. Starner v. Minninger, 35 D. & C. 2d 698 (1964); and DeJoseph v. Conahan, 27 D. & C. 2d 796, 52 Luz. 296 (1962).

We emphasize that we do not decide or express any opinion at this time on whether there is any

"incompatibility in fact" between Towcimak's position as a councilman on the one hand and his position as a member of the authority on the other hand. That determination must await further appropriate proceedings.

## IV

We are aware that the principles governing the disposition of motions for summary judgment are to guide us in making the determination whether peremptory judgment may be entered. Those principles include the requirement that the "motion should not be granted except in the clearest of cases where there is not the least doubt as to the absence of a triable issue of material fact." Mertz v. Lakatos, 33 Pa. Commonwealth Ct. 230, 232, fn. 1, 381 A. 2d 497 (1978). In the case before us the controlling facts on this issue are admitted and there is no "triable issue of material fact." The only question presented initially for our consideration is one of law. That is, did council have the authority to remove Towcimak from his position on the authority board? This is a "clear" case and in our opinion plaintiff's right to peremptory judgment is clear. Notice was given to all of defendants and they appeared and were heard by counsel. No valid excuse or justification has been given for not entering a peremptory judgment. Moreover, it is appropriate that the judgment be entered as promptly as possible in order to protect the public's interest in the continued, uninterrupted operation of the Authority's activities.

In conclusion we are of the opinion that what Mr. Justice Musmanno said in the Carroll Twp. Sch. Bd. Vacancy Case, supra, at pp. 157 and 158, is appropriate:

"Once a person is duly elected or duly appointed to public office, the continuity of his services may not be interrupted and the uniform working of the governmental machinery disorganized or disturbed by any proceeding less than a formal challenge to the office by that action which is now venerable with age, reinforced by countless precedent, and proved to be protective of all parties involved in a given controversy, namely, quo warranto.

"The petitioners in this case attempted to declare an office vacant through ex parte proceedings, which is inimical to the whole scheme of democratic government."

Thus, the proper method by which defendant council should have raised the issue of a claimed "incompatibility in fact" would have been to either institute an action in quo warranto as set forth by Justice Musmanno, or follow the procedure set forth in the Municipality Authorities Act. In either event the decision cannot be made by defendant council.

## ORDER

Now, January 29, 1980, for the reasons set forth in the opinion filed this date, peremptory judgment in mandamus is hereby entered in favor of plaintiff, Richard W. Towcimak, and against defendants. The action of defendant council, on January 7, 1980, declaring the seat of Richard W. Towcimak on the Ambridge Water Authority vacant is declared to be illegal, void and of no effect. The action of defendant council on January 7, 1980, which purports to appoint defendant, Joseph Hochevar, to a seat on the board of the Ambridge Water Authority is declared to be illegal, void and of no effect. It is ordered that defendants recognize plaintiff,

Richard W. Towcimak, as a lawful member of the board of the Ambridge Water Authority.

It is further ordered that defendants be, and they hereby are, enjoined and restrained from interfering with plaintiff, Richard W. Towcimak, in the exercise of his authority and prerogatives, as a member of the board of the Ambridge Water Authority.

It is further ordered that defendant, Joseph Hochevar, be, and he hereby is, enjoined and restrained from attempting to exercise any authority or prerogatives as a member of the board of the Ambridge Water Authority.

This order is made wthout prejudice to the right of defendants to initiate appropriate proceedings to contest the right of plaintiff, Richard W. Towcimak, to continue to hold office as a member of the board of Ambridge Water Authority.

The order of President Judge John N. Sawyer dated January 9, 1980, and our order dated January 11, 1980 continuing Judge Sawyer's order, are both hereby vacated.