Edward B. Mertz and William H. Agnew, trading as Bushkill Acres v. Stephen Lakatos et al. Stephen Lakatos, Sterling Rissmiller, Robert W. Kostenbader, Supervisors of Bushkill Township, and the Township of Bushkill, Appellants.

Argued October 3, 1977, before Judges ROGERS and BLATT, sitting as a panel of two.

*Joseph M. Reibman,* with him *Reibman and Reibman,* for appellants.

*William H. Agnew,* for appellees.

OPINION BY JUDGE BLATT, January 6, 1978:

This is an appeal by the three Supervisors of Bushkill Township and the Township of Bushkill (Township) in Northampton County from a common pleas court decision granting partial summary judgment in a mandamus action against them.

Edward B. Mertz and William H. Agnew (Developers), as developers of a tract of land, had agreed with the Supervisors that $13,000 would be deposited in an escrow account with a bank as security for the

completion of a road in their development. They notified the Supervisors by a letter dated October 18, 1973 and transmitted by ordinary mail, that the road had been completed and requested that the Supervisors accept it. The Township, through its Secretary, responded to the Developers by letter dated November 30, 1973 and dispatched by ordinary mail, that the Supervisors felt the road was not acceptable because of water drainage and driveway problems. It was not until on or about April 1, 1974, however, that the Developers received a letter by certified mail from the Township Engineer outlining the deficiencies he found with the road and indicating what corrective measures must be taken by the Developers before the Township Supervisors would accept the road and pass a resolution releasing the $13,000 security deposit from the bank. Shortly thereafter, the Developers filed a complaint in mandamus requesting that the Supervisors be ordered to adopt the necessary resolution to release the Developers' $13,000 from the bank. The Supervisors and the Township filed preliminary objections to the complaint, and the lower court dismissed the preliminary objections. The Supervisors and the Township then filed an answer to the complaint, whereupon the Developers filed a motion for partial summary judgment pursuant to Pa. R.C.P. No. 1098.[1] The lower court ruled on March 17, 1975

---

[1] Pa. R.C.P. No. 1098, which authorizes "Peremptory Judgment" in mandamus cases was, prior to November 19, 1975, entitled "Summary Judgment". The rule was retitled to avoid confusion with the general summary judgment procedure authorized by Pa. R.C.P. No. 1035. However, the granting or denial of "Peremptory Judgment" continues to be guided by the principles governing the disposition of motions for summary judgment. One such principle is that such a motion should not be granted except in the clearest of cases where there is not the least doubt as to the absence of a triable issue of material fact. *Prince v. Pavoni*, 225 Pa. Superior Ct. 286, 302 A.2d 452 (1973).

granting the Developers' motion for partial summary judgment and it ordered the Supervisors to adopt the required resolution so that the Developers' funds could be released from the bank. The Supervisors and the Township then filed a petition to open the summary judgment and simultaneously appealed the lower court's order. This Court ruled on November 13, 1975 that the appeal was premature and must be quashed, and we remanded the case to the Court of Common Pleas of Northampton County for a ruling on the outstanding petition to open the judgment. *Mertz v. Lakatos*, 21 Pa. Commonwealth Ct. 591, 347 A.2d 753 (1975). On March 27, 1976 that court entered an order denying the petition to open judgment, and the Supervisors and the Township again appealed to this Court on April 9, 1976.

The Developers contend that their action in mandamus was proper because they were trying to compel public officials (the Supervisors) to perform a ministerial act, which has been defined as one which a public officer is required to perform upon a given state of facts in a prescribed manner in obedience to the mandate of legal authority. *Rose Tree Media School District v. Department of Public Instruction*, 431 Pa. 233, 244 A.2d 754 (1968). They argue that the legal authority upon which they base their requested relief is Section 510 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10510, which provides:

(a) When the developer has completed all of the necessary and appropriate improvements, the developer shall notify the municipal governing body, *in writing, by certified or registered mail*, of the completion of the aforesaid improvements and shall send a copy thereof to the municipal engineer. The municipal governing body shall, within ten days after receipt of

such notice, direct and authorize the municipal engineer to inspect all of the aforesaid improvements. The municipal engineer shall, thereupon, file a report, in writing, with the municipal governing body, and shall promptly mail a copy of the same to the developer by certified or registered mail. *The report shall be made and mailed within thirty days after receipt by the municipal engineer of the aforesaid authorization from the governing body; said report shall be detailed and shall indicate approval or rejection of said improvements, either in whole or in part, and if said improvements, or any portion thereof, shall not be approved or shall be rejected by the municipal engineer, said report shall contain a statement of reasons for such non-approval or rejection.*

(b)  The municipal governing body shall notify the developer, *in writing by certified or registered mail* of the action of said municipal governing body with relation thereto.

(c)  *If the municipal governing body or the municipal engineer fails to comply with the time limitation provisions contained herein, all improvements will be deemed to have been approved and the developer shall be released from all liability, pursuant to its performance guaranty bond or other security agreement.* (Emphasis added.)

The Supervisors and the Township argue, that because the Developers' letter dated October 18, 1973 was not sent to them by certified or registered mail as paragraph (a) of Section 510 requires, they had no mandatory obligation to comply with the requirements of paragraphs (a) and (b).

The lower court found that the notice requirement of Section 510(a) was met by the Developers, and said:

We think that the notice requirement of Section 510(a) is met by an ordinary mailing. It is clear that the purpose of the requirement of registered or certified mail is an evidentiary one, to resolve doubts about whether notice was actually mailed. Here, the fact of mailing is admitted, and the reason behind the rule is satisfied. Therefore the Supervisors were under a duty, imposed by Section 510(a) to cause an inspection of the improvement, to approve or disapprove the work.

With this statement we agree. The Supervisors and the Township in their answer admit that they had actual notice through a letter sent to them by the Developers by ordinary mail. Notice sent by regular mail and actually received, when notice by registered or certified mail is required by statute, has been held nevertheless to be valid notice. *See Crummer v. Whitehead,* 230 Cal. App. 2d 264, 40 Cal. Rptr. 826 (1964); *Chirico v. Kings County Savings Bank,* 168 Misc. 207, 4 N.Y.S. 2d 723 (1938); 58 Am. Jur. 2d *Notice* §27 (1971). There was substantial compliance by the Developers here with the notice provision and the Supervisors and the Township were clearly not prejudiced by the form of the notice to them. *See Tesauro v. Baird,* 232 Pa. Superior Ct. 185, 335 A.2d 792 (1975).

The Township and the Supervisors cite two Pennsylvania Superior Court cases for the proposition that when notice in a specified manner is prescribed by statute, that method is exclusive. *See Point Bar Liquor License Case,* 212 Pa. Superior Ct. 164, 240 A.2d 395 (1968); *Potter Title and Trust Co. v. Berkshire Life Insurance Co.,* 156 Pa. Superior Ct. 1, 39 A.2d 268 (1944). These two cases, however, are factually distinguishable from the present case. In both of the cases cited, the parties had actual knowledge of the circumstances but had never been sent nor had they

ever received, any type of actual notice as prescribed or otherwise.

On the issue, however, as to whether or not the notice of rejection given by the Township by ordinary mail was sufficient in form and substance to meet the requirements of the law, other considerations are involved. Section 510(a) requires that, after notice of the completion of an improvement, the municipal body has a maximum of 40 days within which to accept or reject it. If it rejects the improvement then it must send the Developer a detailed inspection report indicating what portion or portions of the improvement are rejected and the reasons for non-approval. The Township admits that it did not send a detailed engineer's inspection report to the Developers citing the deficiencies with the road until March 29, 1974, and, although the Developers concede that they received a letter by ordinary mail from the Township dated November 30, 1973 stating that the Township was rejecting the road because of water drainage and driveway problems, this letter did not contain the municipal engineer's detailed report as mandated by Section 510 (a). The lower court held that the improvement was consequently deemed accepted under Section 510(c) because no detailed engineer's report was sent to the Developers within the 40-day time limit. We agree with this conclusion.

Our Supreme Court has held that municipal bodies are bound by the plain purpose and intent expressed by time limits imposed by the legislature, *Humble Oil and Refining Co. v. East Lansdowne Borough,* 424 Pa. 309, 313-14, 227 A.2d 664, 666 (1967), and, in the same case, the use of a mandamus action to contest the failure of a municipal governing body to take action during a certain time period was also approved. The Township admits it did not send the detailed engineer's report as required by Section 510(a) until ap-

proximately four months after the statutory deadline, and we must conclude, therefore, that the Developers' action in mandamus was proper.

As to the grant of summary judgment, we have previously held that summary judgment should be granted only when there are no disputed questions of fact which are material to the disposition of the case. *Borough of Monroeville v. Effie's Ups and Downs,* 12 Pa. Commonwealth Ct. 279, 315 A.2d 342 (1974). In this case, however, the record clearly discloses no material facts at issue which would prevent the entry of summary judgment, and, of course, the ruling of a lower court upon a motion for summary judgment in mandamus must not be disturbed on appeal except for an arbitrary and capricious abuse of discretion or a clear violation of law. *Borough of Monroeville, supra.*

We, therefore, affirm.

### ORDER

AND Now, this 6th day of January, 1978, the order of the Court of Common Pleas of Northampton County dated March 17, 1975 is hereby affirmed and the order dated March 22, 1976 by the same court denying the Petition to Open Judgment is affirmed.