David L. Leveto and Susan B. Leveto, Appellants
*v.* The City of Meadville et al., Appellees.

Argued February 28, 1983, before Judges Rogers, Craig and MacPhail, sitting as a panel of three.

*Robert S. Bailey, Shafer, Dornhaffer, Swick &
Bailey,* for appellants.

*Russell L. Schetroma, Culbertson, Weiss, Sche-
troma and Schug,* for appellees.

OPINION BY JUDGE MACPHAIL, May 6, 1983:

David L. Leveto and Susan B. Leveto (Leveto)
have brought this appeal from an order of the Court of
Common Pleas of Crawford County denying Leveto's
request for a mandamus order requiring the City of
Meadville (City) to accept the dedication of certain
streets in Leveto's Edgewood Park subdivision. Le-
veto contended that the City was required to accept
the streets either pursuant to Section 510 of the Penn-
sylvania Municipalities Planning Code (MPC), Act
of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10510,
or as a result of snow removal by the City over a
period of several years.[1]

At oral argument we were informed by counsel that
subsequent to the filing of this appeal to our Court,
the City adopted a resolution formally accepting the
aforesaid streets. The issue of whether the City was
required to accept the streets[2] is therefore moot.

Both parties, however, have indicated a concern
that the trial court's ruling regarding Section 510 of
the MPC[3] will have a collateral effect upon any future
action by the City against Leveto for damages due to
alleged deficiencies in the accepted streets. An ex-
amination of the pleadings and the trial court's deci-

_____

[1] Acceptance of an offer of dedication may be implied from un-
equivocal acts of the municipality evidencing an intention to accept.
*Tri City Broadcasting Co. v. Howell,* 429 Pa. 424, 426, 240 A.2d 556,
558 (1968).

[2] The only issues presented to us on this appeal were whether
the City must accept the streets.

[3] The trial court held that the City was not bound by the provi-
sions of Section 510 because Leveto's notice was insufficient to trig-
ger that section.

sion in this case clearly shows that the issue of any remaining liability on the part of Leveto was neither raised nor decided in this case. Further, it is clear that the parties do not dispute the facts surrounding the letter of February 12, 1980, which Leveto asserts triggered the running of the forty day time limit of Section 510(a). Whether these facts resulted in a deemed approval by the City of the improvements so as to release Leveto of liability under Section 510(c), *see Mertz v. Lakatos*, 33 Pa. Commonwealth Ct. 230, 381 A.2d 497 (1978), is a question of law which we need not resolve at this time.[4]

ORDER

The appeal in the above captioned matter is hereby dismissed as moot.

---

[4] We would note further that Section 510 of the MPC refers only to *approval* of improvements for purposes of the developer's release from an improvement bond entered into pursuant to Section 509 of the MPC, 53 P.S. §10509. Section 510 does not discuss *acceptance* of the streets by the municipality. *Cf.* Sections 514 and 404 of the MPC, 53 P.S. §§10514, 10404 (Approval of a subdivision plat would result in that plat becoming a part of the official map, but the adoption of a street as part of the official map does not, in itself, constitute acceptance of the land for street purposes) ; Section 503(3) of the MPC, 53 P.S. §10503(3) (the 1978 amendment to the Section added the proviso: "Provided, however, that no municipality shall be required to accept [streets meeting the subdivision ordinance's standards] for public dedication until the streets meet such additional standards and specifications as the municipality may require for public dedication").