Hugh H. Aiken et al., Appellants *v.* Radnor Township Board of Supervisors et al., Appellees.

Argued February 2, 1984, before Judges Mac-Phail, Palladino and Blatt, sitting as a panel of three.

*Kristine F. Hughey,* for appellants.

*Eugene H. Evans, Goldberg, Evans and Herald,* for appellees.

OPINION BY JUDGE BLATT, June 12, 1984:

Hugh H. Aiken, David K. Hart, Worth D. Phillips, Ronald M. Davis and H. Ross Watson (appellants) appeal here an order of the Court of Common Pleas of Delaware County dismissing a mandamus action initiated to compel the township commissioners to record and publish an ordinance in accordance with the provisions of the Township of Radnor Home Rule Charter[1] (HRC).

The appellants are registered electors of the Township of Radnor who circulated petitions in June, 1982 proposing that an ordinance be adopted prohibit-

---

[1] We take judicial notice of the Township of Radnor Home Rule Charter pursuant to 42 Pa. C. S. §6107.

ing the township commissioners from expending funds or exerting official influence to oppose the completion of Interstate Route 476, the Blue Route.[2] Although the Secretary of the Township of Radnor, in accordance with Section 8.05 of the HRC, certified the petitions as valid, the Board of Commissioners (Commissioners) refused to act on the proposed ordinance. The appellants then filed the petition with the Board of Elections and, when that body also failed to follow the mandate of Section 8.05 of the HRC,[3] the appellants brought a mandamus action to compel the Board of Elections to place the proposed ordinance on the ballot.

In ordering the Board of Elections to comply with Section 8.05, the Court of Common Pleas of Delaware County added a sentence to the proposal which read as follows: "[i]f this Ordinance is adopted, it will be binding upon the Township and the Commissioners for at least two years." The ordinance, as altered by the court of common pleas, won the approval of a majority of the electors of the Township of Radnor in

---

[2] The ordinance as originally proposed read:

The Commissioners of Radnor Township shall terminate their opposition to the construction and completion of the Blue Route (Interstate 476) and cease expending any public funds to oppose, hinder, delay, and/or otherwise prevent the completion of said Blue Route.

[3] Section 8.05 of the HRC provides the procedure by which registered electors of the Township of Radnor may propose an ordinance to the Board of Commissioners. After filing a petition to initiate an ordinance with the Township Secretary, whose job it is to validate the petition, the proposed ordinance is presented to the Board of Commissioners. If within 60 days, the Board fails to pass the proposed ordinance, the petition is filed with the Board of Elections. The proposed ordinance is then voted on at the next regular primary, municipal or general election. And, finally, if a majority of registered electors approve the proposed ordinance and the election results are certified by the Board of Elections, the Board of Commissioners shall record and publish the ordinance.

the next general election. Thereafter, the appellants sought to have the Commissioners record and publish the ordinance pursuant to Section 8.05(D) of the HRC. Following the Commissioners' refusal to do so, the appellants initiated the present mandamus action in the court of common pleas.

The court sustained the Commissioners' preliminary objection in the nature of a demurrer, holding that the Commissioners could not now be ordered to record and publish the ordinance because that body was not a party to the earlier decision compelling the Board of Elections to place the proposed ordinance on the ballot. The Court also dismissed the complaint, finding that the appellants lacked standing to bring a mandamus action because they did not have a beneficial interest distinct from that of the general public. In addition, the court overruled the appellants' motion for peremptory judgment. The present appeal ensued.

We will first decide whether or not the court of common pleas erred in sustaining the Commissioners' preliminary objection in the nature of a demurrer. The Commissioners contend that the court's ruling was correct because they were not a party to that court's earlier order compelling the Board of Elections to place the proposed ordinance on the ballot. While we recognize this statement as true, we believe it to be irrelevant here.

The present appeal arose from a mandamus action instituted *against the Commissioners,* not the Board of Elections, after the Commissioners refused to record and publish an ordinance adopted pursuant to the HRC. We believe that some confusion might have resulted from the fact that the appellants' original complaint asked the court to hold the Commissioners in contempt. The complaint, however, was amended and it is to this amended complaint in mandamus that

the Commissioners filed their preliminary objection in the nature of a demurrer.

A preliminary objection in the nature of a demurrer admits all well-pleaded facts along with all reasonable inferences therefrom and may not be sustained unless it is clear on the face of the pleading that the law will not permit the recovery sought. Additionally, all doubts must be resolved in favor of overruling the demurrer. *Association of Pennsylvania State Colleges and University Faculties v. Commonwealth*, 44 Pa. Commonwealth Ct. 193, 403 A.2d 1031 (1979). An examination of the amended complaint reveals that it contains all of the requisite elements necessary to set forth a cause of action in mandamus. Pa. R.C.P. 1095. And, inasmuch as we must accept all well-pleaded facts as true, we hold that the court of common pleas erred in sustaining the Commissioners' preliminary objection.

The issues still left before us are: (1) whether or not the trial court erred in concluding that the appellants have no standing to bring a mandamus action here; (2) if the trial court did err, whether or not mandamus will lie; and (3) whether or not the trial court erred in overruling the appellants' motion for peremptory judgment. And, of course, we can disturb the decision of a trial court only where there has been an abuse of discretion or an error of law. *See Mertz v. Lakatos*, 33 Pa. Commonwealth Ct. 230, 381 A.2d 497 (1978).

In *Dombrowski v. City of Philadelphia*, 431 Pa. 199, 245 A.2d 238 (1968), our Supreme Court discussed at length the question of standing where a private party brings a mandamus action to compel a public official to perform a ministerial act, in light of the then recently promulgated Pa. R.C.P. 1092. The Supreme Court concluded that the test for standing in such cases remained whether or not the private party

possessed "an interest . . . distinct from that which he shares with the general public. . . ." *Id.* at 209, 245 A.2d at 244.

The appellants contend that they have an interest distinct from that of the general public as members of a "Committee of Petitioners" and as a result of having expended money in the process of promoting the ordinance in question. Conversely, the Commissioners argue that the fact that the appellants may be members of a committee which decides to spend funds to promote the passage of an ordinance does not give them an interest in having that ordinance recorded and published distinct from that of the public at large. The Commissioners further submit that the appellants can not now label themselves a "Committee of Petitioners" because they failed to do so in the pleadings before the trial court.

An examination of the HRC reveals the significance of the "Committee of Petitioners". Article VIII of the HRC, entitled Citizen Participation and Protection, establishes the means by which registered electors of the Township of Radnor can exercise their right to propose ordinances to the Board of Commissioners and to vote upon any proposal where the Commissioners, as here, fail to adopt the ordinance. In order to submit an ordinance to the Commissioners, a petition must be circulated meeting the requirements as set forth in subsections 1-4 of Section 8.05(A) of the HRC:

1. Contain the names and addresses of five (5) registered electors of the Township, *designated as the Committee of the Petitioners,* including the person designated as Chairman.

2. Contain the full text of the ordinance proposed or sought to be reconsidered.

3. Contain on each page an affidavit executed by the circulator of the page that the cir-

culator observed personally the signing of each signature on the page.

4. Bear in ink the signatures, addresses, Ward, and dates of signing of at least ten (10) percent of the registered electors of each Ward of the Township qualified to vote at the time of the most recent primary, municipal or general election. No signature shall be counted as valid which is dated more than thirty (30) days prior to the date of filing with the Township Secretary.

Our understanding of the concept of standing in mandamus actions is derived from a review of the case law,[4] and it leads us to believe, that if the appellants are as they claim a ",Committee of Petitioners'' under the HRC, they do have standing to compel the Commissioners to record and to publish the ordinance in question. The crucial inquiry in our determination of the standing issue here is, of course, whether or not the appellants suffered an injury unique to them when the Commissioners refused to record and publish the ordinance. We believe that any group of electors from the Township of Radnor who circulate a petition in compliance with the HRC must be considered to have an interest distinct from that of the remainder of the townspeople in seeing that the procedure under Article VIII of the HRC is followed. Any other view would render Article VIII mere surplusage.

More specifically, we find the Commissioners' reading of our Supreme Court opinion in *Dombrowski* to be too narrow. The Commissioners would have us

---

[4] For an excellent opinion comparing Pennsylvania cases dealing with whether or not a private party plaintiff has standing in a mandamus action *see, Brown v. Snyder*, 40 D. & C.2nd 286 (1966) (cited with approval by the Pennsylvania Supreme Court in *Dombrowski*).

find a beneficial interest only where the party plaintiff has a vested right in or a contractual relationship with the public body named in the mandamus action. We note that although the plaintiff in *Dombrowski* did hold such interests with the City of Philadelphia, the Supreme Court, in concluding that standing existed, cited with approval a number of decisions wherein the beneficial interest was neither a contractual relationship nor a vested right: *Lank v. Hughes*, 402 Pa. 284, 167 A.2d 268 (1961) (the owners of property abutting a highway have sufficient special interest to compel officials to keep the road in repair) ; *Bar Association of Mercer County v. Lukacs*, 42 D. & C. 619 (1941) (a county bar association has sufficient special interest in hours when county offices shall be open to bring a mandamus action to compel officials to keep offices open longer hours) ; and *Brown v. Snyder*, 40 D. & C.2nd 286 (1966) (a private party plaintiff who alleges that she has been mistreated by the police has standing to compel the mayor to appoint members to a police review board as required by city ordinance).

Having concluded that a ''Committee of Petitioners'' would have standing here, we must also determine whether or not the appellants constitute such a committee. We do not find persuasive the Commissioners' argument that the failure of the appellants to label themselves a ''Committee of Petitioners'' on the initial pleading in the court of common pleas would preclude them from being considered as such here. The appellants have otherwise substantially complied with the requirements delineated under Section 8.05 (A) of the HRC and we will not deny them standing here for having failed to label themselves as a ''Committee of Petitioners'' in their pleadings.

As to whether or not mandamus will lie, we are cognizant that '' '[m]andamus is an extraordinary

writ which lies to compel the performance of a ministerial act or mandatory duty where there is a *clear* legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy;'. . . .'' *Allegheny Contracting Industries, Inc. v. Flaherty,* 6 Pa. Commonwealth Ct. 164, 172, 293 A.2d 639, 643 (1972) (citing *Travis v. Teter,* 370 Pa. 326, 330-31, 87 A.2d 177, 179 (1952) (emphasis in original)).

Section 8.05(D) of the HRC states, in pertinent part, that ''[o]rdinances adopted or repealed by initiative or referendum vote, or summaries thereof, *shall* be published and recorded as provided elsewhere in this Chapter.'' (Emphasis added.) Further, the court of common pleas found that a majority of the electorate of the Township of Radnor voted in favor of adopting the proposed ordinance on November 2, 1982 and that the Board of Elections certified the validity of the vote on November 10, 1982. The reporting and publishing of the adopted ordinance is clearly a ministerial act on the part of the Commissioners.

The Commissioners contend that mandamus does not lie because the ordinance presented to the voters on November 2nd was not identical to the ordinance originally presented to the Commissioners and they cite to the sentence added by the court of common pleas in the first mandamus action against the Board of Elections.[5] While we have found no language in the HRC specifically mandating that the ordinance presented to the Commissioners be identical to that presented to the voters, we believe that such a requirement *as it pertains to the substantive content of any proposed ordinance* is implicit in the nature of the legislative process set forth in Article VIII of the HRC. Here, however, the court of common pleas

---

[5] *See* opinion at pp. 191-193.

simply added a sentence stating that the ordinance, if passed, would be in effect for at least two years. We do not believe that any substantive change in the ordinance resulted from that addition.

The appellants' remaining contention is that the court of common pleas erred in overruling their motion for peremptory judgment pursuant to Pa. R.C.P. 1098. In *Mertz v. Lakatos,* 33 Pa. Commonwealth Ct. 230, 381 A.2d 497 (1978) this Court remarked that:

> The granting or denial of "peremptory judgment" continues to be guided by the principles governing the disposition of motions for summary judgment. One such principle is that such a motion should not be granted except in the clearest of cases where there is not the least doubt as to the absence of a triable issue of material fact. (Citation omitted.)

*Id.* at 232, n. 1, 381 A.2d at 499, n. 1. And, of course, like a summary judgment motion, a peremptory judgment motion can not be granted unless the moving party is entitled to judgment as a matter of law. *Wolgemuth v. Kleinfelter,* 63 Pa. Commonwealth Ct. 395, 437 A.2d 1329 (1981). Moreover, the burden of proof is on the moving party and the record must be examined in the light most favorable to the non-moving party. *Id.* In view of the complexity of the case *sub judice,* we are not convinced that the court of common pleas erred in denying peremptory judgment.

We will, therefore, reverse the dismissal of the appellants' amended complaint in mandamus, remand for proceedings in light of this opinion and affirm the denial of the motion for peremptory judgment.

ORDER

AND Now, this 12th day of June, 1984, we hereby reverse the order of the Court of Common Pleas of Delaware County which dismissed the amended com-

plaint in mandamus in the above-captioned matter, remand for proceedings in light of the attached opinion and affirm the order of the Court of Common Pleas of Delaware County which denied the motion for peremptory judgment in the above-captioned matter. Jurisdiction relinquished.