The Municipality of Mt. Lebanon, a home rule community, and James P. Cain, Manager/Secretary of The Municipality of Mt. Lebanon, Appellants *v.* John L. Erskine et al., Appellees.

Argued September 10, 1984, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Edwin L. Klett,* with him, *Robert L. Byer, Eckert, Seamans, Cherin & Mellott,* for appellants.

*Richard DiSalle,* with him, *Templeton Smith, Jr.* and *Thomas W. Corbett, Jr., Rose, Schmidt, Dixon & Hasley,* and *Myrna P. Field,* of counsel, for appellees.

492

OPINION BY JUDGE CRAIG, October 19, 1984:

The Municipality of Mt. Lebanon appeals a decision of the Court of Common Pleas of Allegheny County granting peremptory judgment on a mandamus complaint. The petitioners, as members of a committee formed pursuant to the Mt. Lebanon Home Rule Charter, had filed the complaint seeking to compel the secretary of Mt. Lebanon to provide them with blank initiative petitions. We must determine whether the petitioners had standing to seek mandamus and whether the trial court erred in refusing to allow the municipal authorities to consider the substantive merits of the proposed initiative before issuing the petition blanks.

The committee had filed with the municipal secretary an affidavit requesting the issuance of blank petitions, the beginning of the process under the Home Rule Charter by which citizens may place proposed ordinances, or initiatives, before the municipal commission and the voters.[1] The secretary refused the request, stating that the affidavit was defective

---

[1] Article XII of the Charter, entitled "Initiative and Referendum" provides the method by which citizens may propose ordinances (initiative) or require reconsideration of present ordinances (referendum). Section 1202 of that Article provides specifically:

Any five (5) qualified voters may commence initiative or referendum proceedings by filing with the Secretary of the Municipality an affidavit stating they will constitute the petitioners' committee and be responsible for circulating the petition and filing it in proper form, stating their names and addresses and specifying the address to which all notices to the committee are to be sent, and setting out in full the proposed initiative ordinance or citing the ordinance sought to be reconsidered.

Promptly after the affidavit of the petitioners' committee is filed, the Secretary shall issue the appropriate petition blank to the petitioners' committee.

because it was untimely and concerned a fiscal issue which was not properly subject to initiative or referendum procedures.[2]

On the request for mandamus, the trial court, through Judge SILVESTRI, granted peremptory judgment and ordered the secretary to deliver the blank petitions.

Initially, Mt. Lebanon contends that the petitioners lack standing to maintain the mandamus action because they have no beneficial interest in the performance of the public duty distinct from that of the general public.

Although the municipality's brief correctly sets forth the beneficial interest standard applicable to mandamus actions, citing *Dombrowski v. Philadelphia*, 431 Pa. 199, 245 A.2d 238 (1968),[3] at that juncture Mt. Lebanon did not have the benefit of this court's recent opinion in *Aiken v. Radnor Township Board of Supervisors*, 83 Pa. Commonwealth Ct. 190, 476 A. 2d 1383 (1984).

There, Judge BLATT, writing for the court, determined that members of a committee formed under the Radnor Township Home Rule Charter "must be considered to have an interest distinct from that of the remainder of the townspeople in seeing [the charter provisions] followed." *Aiken*, 83 Pa. Commonwealth Ct. at 196, 476 A.2d at 1387. Accordingly, the peti-

---

[2] Section 1201 excludes from the intiative and referendum process any matters concerning "the budget or capital program [and] any ordinance relating to appropriation of money, levy of taxes or salaries of municipal officers or employes."

[3] When a private plaintiff seeks to enforce a public duty through mandamus, he must possess "an individual and beneficial interest in the litigation independent of that which is held by the public at large." *Dombrowski*, 431 Pa. at 204, 245 A.2d at 241.

tioners there had standing to maintain a mandamus action to compel the township commissioners to record and publish a voter-approved ordinance.

We find the reasoning of *Aiken* equally applicable in the present case. Petitioners, as members of a committee formed pursuant to section 1202 of the Home Rule Charter, have sufficient interest in the municipality's performance of its duties under the section to maintain a mandamus action. Any other result would effectively preclude judicial review of the secretary's initial decision rejecting the request for petition blanks and frustrate the clear intent of the charter to foster citizen involvement in government.

The municipality next contends, relying on *Cottone v. Kulis,* 74 Pa. Commonwealth Ct. 522, 460 A.2d 880 (1983), that the trial court erred in determining that the secretary could not consider the substantive merit of the proposed ordinance before issuing petition blanks.

In *Cottone,* this court determined that, under the Home Rule Charter of the City of McKeesport, before issuing blank petitions, the city clerk could consider "the nature of the ordinance which would be the subject of the referendum process. . . ." *Cottone,* 74 Pa. Commonwealth Ct. at 526, 460 A.2d at 882. The court explained that it reached that conclusion because a contrary result would have sanctioned futile, if not frivolous, governmental activities and because, without initial review by the city clerk, the referendum process could proceed unimpeded, to the point of placing the referendum on the ballot, with substantive consideration of the content of the referendum deferred until that time.

However, the petitioners here rely on an argument not advanced by the *Cottone* petitioners. Mt.

Lebanon's Home Rule Charter provides, in section 1204, that the secretary shall consider the sufficiency of the content of the petitions *after* the committee has circulated and filed them.[4] At that point, before the time of the commission or the voters has been unnecessarily consumed, the secretary is to consider the substance of the proposed ordinance (or the present ordinance in the case of a referendum) and reject those petitions which he finds defective under the charter. The charter further provides that, following governing body review of the secretary's decision, judicial review is then available for disappointed petitioners.

We agree with Judge SILVESTRI that, when the petitioners filed their affidavit, which complied with the requirements of section 1202 of the charter, the secretary had a mandatory duty to issue the blank petitions. When and if the committee succeeds in

---

[4] Section 1204 provides, in relevant part:

Within twenty (20) days after the petition is filed, the Secretary of the Municipality shall complete a certificate as to its sufficiency, specifying if it is insufficient, the particulars wherein it is defective. . . . If a petition or amended petition is certified insufficient and the petitioners' committee does not elect to amend or request Commission review . . . the Secretary of the Municipality shall promptly present his certificate to the Commission and the certificate shall then be a final determination as to the sufficiency of the petition.

If a petition has been certified insufficient . . . the committee may . . . file a request that it be reviewed by the Commission. The Commission shall review the certificate . . . and approve or disapprove it, and the Commission's determination shall then be a final determination as to the sufficiency of the petition.

A final determination as to the insufficiency of a petition shall be subject to court review.

496

securing the necessary signatures and files the petitions, the secretary may, pursuant to section 1204 of the charter, consider the substantive merits of those petitions. Therefore, we do not reach Mt. Lebanon's other contentions, which concern the merits of the proposed ordinance.

We also deny the municipality's recently filed application to vacate the trial court's judgment, which was based upon a preliminary order of this court allowing the name of Michele M. Sorensen, one of the committee members, to be dropped as an appellee on the ground that she was an unnecessary party. The municipality has provided no authority for the implicit proposition that the deletion of one person as an appellee relates back to the inception of the case, nor any authority that requires unanimous participation by all committee members in order to maintain a mandamus action.[5]

Accordingly, we affirm the trial court's order entering peremptory judgment.

ORDER

Now, October 19, 1984, the order of the Court of Common Pleas of Allegheny County, No. G.D. 84-6341, dated April 27, 1984, is affirmed.

---

[5] *Aiken v. Radnor Township Board of Supervisors*, 83 Pa. Commonwealth Ct. 190, 476 A.2d 1383 (1984), upon which the municipality now relies for support of its application, is distinguishable on this point because it did not hold that the unanimous participation of the petition committee members is essential in order to possess standing in litigation. As noted above, the only issue there was whether the committee members, all of whom joined in the litigation, had an interest sufficiently distinct from that of the general electorate to afford them standing to seek mandamus; the unanimity of participation was not at issue.