## Kitzmiller v. Riverton Consolidated Water Company

*Lawrence J. Neary,* for plaintiffs.
*William J. Peters,* for defendant.

HESS, *J.,* September 4, 1987—Plaintiffs initiated this suit against the Riverton Consolidated Water Company to recover damages for property destroyed in a fire of unknown origin on October 7, 1984. When the firefighters arrived the blaze was apparently contained to the building's second floor, but

they were unable to gain sufficient water or water pressure from a nearby fire hydrant to battle the blaze. Consequently, the fire raged on. Ultimately, plaintiff Kitzmiller's entire building and property contained therein, owned by plaintiffs, were destroyed.

In their complaint, plaintiffs aver counts in negligence and strict liability against the Riverton Consolidated Water Company for failure to provide adequate water and water pressure to contain the fire. Defendant has raised preliminary objections to one averment of negligence and to all strict liability counts.

First, defendant moves to strike paragraph 14(g) of plaintiffs' complaint, which avers that defendant was negligent in "otherwise failing to exercise due care under the circumstances." Citing *Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983), defendant asserts that allowing paragraph 14(g) to stand would unjustly require them to prepare to defend any possible cause of action that may fall within the ambit of the language "otherwise failing to use due care under the circumstances." We agree. Accordingly, following our recent holding in *Rommel v. Perna,* 1275 Civil 1987 (Cumberland Co., filed August 25, 1987), we grant defendant's motion to strike paragraph 14(g). See also, *Winters et al. v. Lonergan et al.,* 36 Cumb. L.J. 98 (1985).

Second, defendant raises a preliminary objection in the nature of a demurrer to counts II, IV, VI, VIII and X of plaintiffs' complaint. A demurrer will be sustained only if the law will not permit recovery. *Aiken v. Radnor Township Board of Supervisors,* 83 Pa. Commw. 190, 476 A.2d 1383 (1984). Defendant contends that these counts, all of which plead strict liability, should be dismissed because the instant

facts fail to satisfy the Restatement (Second) of Torts, §402A, which governs Pennsylvania law on strict liability. *Cummins v. Keystone Tire and Rubber Co.,* 344 Pa. Super. 9, 495 A.2d 963 (1985), *Webb v. Zern,* 422 Pa. 424, 220 A.2d 853 (1966).

Section 402A provides:

"Section 402A. Special Liability of Seller of Product for Physical Harm to User or Consumer.

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

"(a) the seller is engaged in the business of selling such a product, and

"(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

"(2) The rule stated in subsection (1) applies although

"(a) the seller has exercised all possible care in the preparation and sale of his product, and

"(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."

Distilling section 402A into its constituent elements, we find that the following are necessary to an appropriate application of this section:

(1) a product,

(2) a sale of that product,

(3) a user or consumer,

(4) a defective condition, unreasonably dangerous, and

(5) causation — that the product caused physical harm to the ultimate user or consumer, or to his property. *Shriner v. Pennsylvania Power and Light*

*Co.,* 348 Pa. Super. 177, 185, 501 A.2d 1128, 1132 (1985).

Though plaintiffs will proceed with a negligence claim against the water company, (*DeFrancesco v. Western Pennsylvania Water Co.* 329 Pa. Super. 508, 478 A.2d 1295 (1984)), our research reveals no Pennsylvania appellate court that has addressed the strict liability issue. We find, nevertheless, that no cause of action exists, in this case, for strict liability under the *Shriner* analysis of §402A outlined above.

We note, initially, that it is unclear whether fire hydrant water is a product, but decline the opportunity to resolve that issue since it is unnecessary to our disposition. Naturally, if water is not a product, then section 402A is not implicated. Even assuming, arguendo, that fire hydrant water is a product, the *transmission* of that product to its place of consumption is a service. See *Shriner v. Pennsylvania Power and Light Co.,* at 188-89, 501 A.2d at 1133-34, adopting *Aversa v. Public Service Electric and Gas Co.,* 186 N.J. Super. 130, 451 A.2d 976 (1982). See also *Rush v. UGI,* 12 D. & C. 3d 302 (1979). The alleged insufficient water and water pressure was not caused by a defect in the water, but by a defect in the system supplying the water. This distinction breaks the stream of causation in section 402A. Liability, therefore, can only attach to defendant's service, which is appropriately addressed by a negligence cause of action.

Plaintiffs urge us to adopt the ultimate result in *Shriner v. Pennsylvania Power and Light Co.,* supra, as controlling. There, the court upheld a judgment for plaintiffs, citing section 402A, for injuries to their cows caused by "stray voltage" from electric milking equipment. In that case, however, the product itself directly caused the alleged injuries. In the instant case it would be absurd to sug-

gest that water supplied by defendant caused the ultimate conflagration that consumed plaintiffs' property. This causal deficiency clearly distinguishes this case from *Shriner* and exonerates defendant from section 402A liability. Accordingly, we sustain defendant's objections to plaintiffs' counts II, IV, VI, VIII and X.

### ORDER

And now, this September 4, 1987, the preliminary objections of defendant are sustained. Paragraph 14(g) of plaintiffs' complaint is stricken. Counts II, IV, VI, VIII and X of plaintiffs' complaint are dismissed.