## Jewelcor Inc. v. Pre-Fab Panelwall Inc.

*Howard B. Levinson* and *Brian C. Corcoran*, for plaintiff.

*William R. Jacobs* and *Keith A. Hunter*, for defendant.

TOOLE, *J.*, September 5, 1989 — This matter comes before the court on motion for peremptory judgment filed by plaintiff, Jewelcor Inc.

## HISTORY AND FACTS

Plaintiff, Jewelcor Inc., filed a four-count complaint on June 28, 1989 against defendants, Pre-Fab Panelwall Inc., James R. Brunemann, James C. Brunemann, Dennis Brunemann and John Castro, employees of Pre-Fab, seeking a declaratory judgment that it has a right to introduce transcripts of taped telephone conversations for use at an ongoing American Arbitration Association hearing.

Pre-Fab responded to the action by filing an answer and new matter on July 19, 1989. On June 28, 1989, however, Jewelcor filed the motion for peremptory judgment that is presently before this court.

In its motion, Jewelcor argues that it has a right to use the tape-recorded conversations under 18 U.S.C. §2511(2)(d) which allows an individual to intercept and/or record a conversation to which he/she is a party, and utilize the contents of such conversation in any judicial proceeding absent the other party's

consent. Pre-Fab substantially agrees with Jewelcor's contentions that federal law is applicable to the instant action, nonetheless, it seeks a determination from this court that any order entered in Jewelcor's favor relates as much to the ability of Pre-Fab and its counsel to introduce evidence as it does to Jewelcor.

## LAW AND DISCUSSION

In considering a motion for peremptory judgment, we must follow the dictates of Pa.R.C.P 1098 which provides in relevant part as follows:

"[A]t any time after the filing of the complaint, the court may enter judgment if the right of the plaintiff thereto is clear, but the judgment may be opened upon cause shown."

Further, in determining whether to grant a motion for peremptory judgment, the same standards apply that are utilized in analyzing a motion for summary judgment. Judgment, therefore, can be entered only when there is no dispute as to law and material fact. *Wolgemuth v. Kleinfelter,* 63 Pa. Commw. 395, 437 A.2d 1329 (1981). Finally, peremptory judgment cannot be granted unless the moving party is entitled to judgment as a matter of law. *Aiken v. Radnor Township Board of Supervisors,* 83 Pa. Commw. 190, 476 A.2d 1383 (1984).

Although the Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 Pa.C.S. §§5701-5726, sets forth civil and criminal penalties for persons who intentionally intercept, disclose or use the contents of any wire or oral communication without the consent of all parties to the communication, we believe that the act is inapplicable in light of the fact that the instant communications, involving an instrumentality of interstate commerce, fall within the scope of federal law. Specifically, 18 U.S.C. §2511(2)(d) provides in pertinent part as follows:

"§2511. Interception and disclosure of wire, oral or electronic communications prohibited —

. . .

"(2)(d) It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such an interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or any state."

In *Kratz v. Kratz,* 477 F.Supp. 463 (E.D. Pa. 1979), it was determined that the telephone is an instrumentality of interstate commerce and, as a result, Congress has the power under the Constitution to regulate its use and abuse. In addition, the Pennsylvania Superior Court has held that a wiretap that is valid under federal law is admissible notwithstanding whether state procedures under the act were followed. *Commonwealth v. Taraschi,* 327 Pa. Super. 179, 475 A.2d 744 (1984). Finally, evidence of taped conversations has been held admissible under federal law even though all parties involved did not consent to the taping, and the acquisition of evidence violated state law. *United States v. Testa,* 548 F.2d 847 (9th Cir. 1977).

The record reveals that the taped telephone conversations in question were obtained by an employee of Pre-Fab, Mr. James R. Brunemann, who attached a recording device to his office telephone in Fairfield, Ohio. Brunemann recorded telephone conversations from any one of six telephone lines located in his office. Numerous telephone conversations, approximately 15, between employees of

Pre-Fab, located in Fairfield, Ohio and employees of Jewelcor, located in Wilkes-Barre, Pennsylvania; New York, New York, and Doreville, Georgia were intercepted without the permission and consent of the parties to those conversations.

In light of those facts, we agree with Jewelcor's contention that the taped telephone conversations were in interstate commerce and thus, subject to the federal wiretap law as set forth in 18 U.S.C. §2511(2)(d). The federal law, therefore, pre-empts the state law and permits the evidentiary use of the taped telephone conversations between employees of Jewelcor and Pre-Fab.

We note, finally, that our determination regarding the use of the taped telephone conversations includes the ability of Pre-Fab to introduce evidence at the arbitration proceeding, as well as Jewelcor in its scope. Accordingly, we enter peremptory judgment in favor of Jewelcor.

## ORDER

It is hereby ordered and directed, that the motion for peremptory judgment filed on behalf of plaintiff, Jewelcor Incorporated, is granted.