Commonwealth ex rel. Specter, Appellant, *v.* D'Ortona.

Argued October 6, 1966.   Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Edward R. Becker,* with him *L. Carter Anderson, Ellis A. Horwitz, Herbert W. Salus, Jr., William A. Meehan,* and *Becker & Becker,* for appellants.

*Levy Anderson,* First Deputy City Solicitor, with him *Jerome R. Richter,* Assistant City Solicitor, and *Edward G. Bauer, Jr.,* City Solicitor, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, October 11, 1966:

Emanuel Weinberg, a Councilman representing the First Councilmanic District of Philadelphia, died July 20, 1966, leaving a vacancy in that office.

The District Attorney of Philadelphia and several residents and voters of the aforesaid First Council-

manic District, brought an action of mandamus to compel the President of City Council to order an election to fill the vacancy at the next General Election on November 8, 1966.

The lower Court dismissed the suit, holding that under §2-101 of the Philadelphia Home Rule Charter, the President of City Council may *in his discretion* order the election at the next General Election or at the next Primary or the next Municipal Election.

Appellants contend, on the other hand, that the President of City Council has a *mandatory* duty to order the election at the next General Election, or at the next Primary Election or the next Municipal Election, whichever event first occurs, provided it is not less than thirty days after the issuance of the writ.

The pertinent language of §2-101 is as follows: ". . . Should a vacancy occur in the office of any councilman, the President of the Council *shall*\* issue a writ of election to the board of elections having jurisdiction over elections in the City for a *special* election to fill the vacancy for the balance of the unexpired term, which election shall be held on a date specified in the writ, but not less than thirty days after its issuance. The President of Council *may* fix as the date of the special election, the date of the next primary, municipal or general election."

In other words, the Philadelphia Home Rule Charter, in §2-101, imposes upon the President of City Council a mandatory duty—not a discretionary duty—to issue a writ for a special election to "be held on a date specified in the writ but not less than thirty days after its issuance." However, the Charter, in the very next sentence, provides that "The President of Council *may* [not shall] fix as the date of the special election, the date of the next primary, municipal or general elec-

---

\* Italics throughout, ours.

tion." The word "may" ordinarily confers discretionary power, and this is especially so when it is contrasted with the word "shall" in the preceding sentence of the very same paragraph.

We believe that the language, the meaning, and the intent of the Charter is to impose upon the President of City Council a mandatory duty to order a special election but gives him a *discretion* to fix the date of the special election at any one of the election dates hereinabove mentioned (provided the election is held not less than thirty days after the issuance of the writ).

We find no merit in any of the contentions of the appellants.

Order affirmed.

———

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

The majority's construction of §2-101 of the Philadelphia Home Rule Charter vests in the President of City Council unlimited discretion to deprive 190,000 citizens of direct representation in the municipal legislature for a period of as long as two years.* Such a result is a patent violation of the fundamental notions of representative government the Charter was undoubtedly intended to embody and an abdication of this Court's responsibility of interpreting Pennsylvania's laws in conformity with the Fourteenth Amendment to the Constitution of the United States. If the majority's construction of the Charter were inescapably com-

———

* That it is not unlikely that such discretion will in fact be exercised so as to deprive citizens of representation for unreasonably lengthy periods is demonstrated by the facts of this case. The councilmanic district involved here was vacated by the incumbent's death on July 20, 1966. A General Election is scheduled for November 8, 1966, yet the President of City Council has failed to issue a writ of election, has failed to indicate when he will do so, and has advanced no justification for his inaction.

pelled by the statutory language, it would then be appropriate even if it rendered §2-101 of the Charter unconstitutional as applied here. But the language of the Charter admits of other interpretations which do not raise constitutional objections. That being so, I have no doubt of the correctness of adopting one of those other interpretations.